WILLIAM C. COZZENS, ADMINISTRATOR OF CHARLES WHIT-
FIELD, v. JOSEPH JOSLIN, EXECUTOR.

The statute of Rhode Island, directing the descent of intestate estates,
(Rev. Stat. R. I. 1844, p. 237,) provides that if there be no child, nor
father, nor mother, nor sister, nor descendants of either, "the in-
heritance shall go, in equal moieties, to the paternal and maternal
kindred." It was *held*, under that provision of the statute, that no pre-
ference is given to one line over the other, and that each moiety is to be
distributed as a distinct estate. Also *held*, that under the provision of
the same statute, that when "the inheritance is directed to go by moie-
ties to the paternal and maternal kindred, if there be no such kindred
on the one part, the whole estate shall go to the other part," so long
as there is any kindred, however remote, on the part of the paternal
line, they take one moiety of the estate, and the inheritance, after once
being divided, cannot be again united, and descend in one line, until
there ceases to be a representative of the other line.

APPEAL from a decree of the court of probate of the town
of Newport, the facts in which are given in the following
opinion of the court, delivered by

STAPLES, J.— Charles Whitfield appealed from a decree of
the court of probate of the town of Newport, passed on the
7th day of July, 1846, in the following words :

"Upon the petition of Joseph Childs, agent for some of the
heirs at law of Elizabeth N. Bannister, late of Newport,
widow, deceased, praying this court to order a distribution of
the intestate estate of said Elizabeth N. Bannister, in the

Cozzens *v.* Joslin.

hands of the executor of said Elizabeth N. Bannister, to and among the heirs at law of said deceased.

It appearing to the court that due notice has been given of the pendency and prayer of said petition, by advertisement for three successive weeks in the Newport Mercury, as was ordered, and according to law, and referred to this court for consideration ; and after hearing the parties claiming to be interested as distributees, and it appearing that no claim was exhibited and proved on the part of the maternal grandfather of the said intestate ; therefore, after due consideration, this court order, adjudge and decree as follows, to wit : that the sum of three thousand and twenty dollars of said fund be distributed and paid to the legal representatives of Samuel Thurston and Benjamin Thurston, the paternal uncles of the said intestate, as follows," — and then follow the names of the representatives of each, with the amount to be paid each person.

The appellant claimed an appeal from the said decree, because that " he, together with others not named in said decree, are also heirs at law of the said Bannister, and entitled to distributive shares of her estate." It was admitted at the trial of this appeal, that Charles Whitfield was a descendant from one of the maternal uncles of said Elizabeth N. Bannister. It was also admitted, that the decedent, in her lifetime, made a will, since her death duly proved, and of which the appellee is the duly qualified executor ; and that this will did not embrace or dispose of all the estate of which said Elizabeth died possessed.

It was also shown and admitted to this court, that the said Elizabeth, at the time of her decease, left no child, nor father nor mother, nor sister nor brother, nor descendants of either.

In such a case the statute is express, that the intestate estate " shall go in equal moieties to the paternal and mater-

nal kindred." It gives no preference to one line over the other, and there is no reason why it should do so. Each moiety is to be distributed as a distinct estate, and " to go, first, to the grandfather. If there be no grandfather, then to the grandmother, uncles and aunts on the same side, and their descendants, or such of them as there be." As the statute also provides that " the descendants of any person deceased shall inherit the estate which such person would have inherited had such person survived the intestate," all the descendants of any deceased uncle or aunt, living at the decease of the intestate, succeed by representation to the portion to which such uncle or aunt would have been entitled had he outlived the intestate.

Another provision of the statute of descents is, that when " the inheritance is directed to go by moieties to the paternal and maternal kindred, if there be no such kindred on the one part, the whole shall go to the other part." So long as there is any kindred, however remote, on the part of the paternal line, they take one moiety of the estate. The inheritance, after once divided, cannot be again united and descend in one line, until there ceases to be a representative of that other line.

Such was not the fact in the case at bar. The appellant, it is admitted, is a descendant from one of the maternal uncles, and is therefore a representative of that line, living at the decease of Elizabeth N. Bannister. The court of probate of Newport, therefore, erred in directing that the amount ready for distribution, should be divided among the legal representatives of the paternal uncles, to the exclusion of the representatives of the maternal line.

And the decree must therefore be reversed.